UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 09-80097-RYSKAMP/VITUNAC

ALLEN FOX,

    Plaintiff,

v.

PALM COAST PLAZA, INC.,
a Florida corporation,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

**THIS CAUSE** comes before the Court upon defendant Palm Coast Plaza Inc.'s ("Palm Coast) motion for sanctions **[DE 39]** entered on December 1, 2009. Plaintiff Allen Fox ("Mr. Fox") filed a response in opposition **[DE 46]** on December 18, 2009. Defendant filed a reply **[DE 47]** on December 24, 2009. The Court held a hearing on this motion and the plaintiff's verified motion for attorneys' fees **[DE 36]** on January 6, 2010. This matter is ripe for adjudication.[1]

**I.**    **Background**

Palm Coast seeks sanctions pursuant to Federal Rule of Civil Procedure 11 and pursuant to 28 U.S.C. § 1927. Palm Coast alleges that plaintiff's counsel, Samuel Aurilio, Cynthia Mitchell, and the law firm of Aurilio & Associates, P.A., prolonged the instant action and needlessly increased its costs by precluding the parties from consummating a negotiated settlement in an effort to command unsubstantiated attorneys' fees from the defendant.

---

[1] In due course, the Court will rule on the plaintiff's verified motion for attorneys' fees **[DE 36]** by separate order.

1

Specifically, Palm Coast alleges that upon its receipt of Mr. Fox's complaint, the parties entered into settlement discussions and resolved all material terms quickly, with the exception of attorneys' fees.  In May 2009, counsel for Palm Coast asserts that she expended great efforts in an attempt to reduce the parties' settlement to writing.  Counsel asserts that on May 27, 2009, she drafted and submitted a proposed settlement agreement to plaintiff's counsel for approval.  On July 7, 2009, plaintiff's counsel sent an e-mail to counsel for Palm Coast requesting that the settlement agreement be revised according to plaintiff's specifications and also set forth a demand for attorneys' fees in the amount of $15,546.00.  According to counsel for Palm Coast, plaintiff's counsel advised that the demand was non-negotiable and that if the revised settlement agreement were not signed by July 10, 2009, plaintiff's counsel would proceed with scheduling depositions, filing a motion to compel responses—despite an agreement between the parties that no response was required due to the settlement discussions—and the scheduling of an additional Federal Rule of Civil Procedure 34 property inspection.  Counsel for Palm Coast asserts that the revised settlement agreement was sent to plaintiff's counsel on July 7, 2009, and on July 10, 2009, plaintiff's counsel indicated to opposing counsel that the revised settlement agreement was acceptable, leaving only the attorneys' fees demand in dispute.

Palm Coast argues that despite repeated requests—before and following July 10, 2009—plaintiff's counsel has unreasonably refused to provide billing records supporting plaintiff's fee demand, which made it impossible for the defendant to assess the reasonableness of the fees demanded and prevented the settlement from being finalized.  Palm Coast also asserts that plaintiff's counsel persisted in pushing the litigation forward until the attorneys' fees issue was resolved, despite Palm Coast's counsel's overtures to have the fee dispute resolved by the Court.  Specifically, Palm Coast points to the fact that plaintiff's counsel served Palm Coast with a

request for entry on land and demanded that defendant respond to plaintiff's merit-based discovery.  Palm Coast asserts that this conduct serves to needlessly increased the cost of litigation.

In response, plaintiff's counsel contends that defense counsel is relying on blatant inaccuracies and out-of-context quotations taken from communiqués between the two.  While he acknowledges that the parties began settlement discussions early in the course of the litigation, he asserts that were several substantive issues that remained to be worked out.  Plaintiff's counsel asserts that he communicated both substantive and technical objections to the terms of the confidential settlement agreement on June 24, 2009.  The parties agreed that defendant's counsel would make the technical changes and plaintiff's counsel would make the substantive changes.  In short, plaintiff's counsel argues that it is unreasonable to expect that plaintiff's counsel would stop litigating the case without an executed, or at best, a final settlement agreement in hand when substantive issues remained outstanding.  Plaintiff's counsel contends that he was litigating the case in order to avoid missing court imposed pre-trial deadlines and that he stopped litigating in October, once it was clear that the agreement was final.

**II.     Discussion**

Palm Coast moves for sanctions under both Rule 11 and under § 1927.  The Court will consider each argument below.

Sanctions under Federal Rule of Civil Procedure Rule 11 are warranted when "(1) a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading this based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose."  *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.

1996).  "[T]he selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion."  *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987) (en banc).  "The goal of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.'"  *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (citing *Donaldson*, 819 F.2d at 1556).  "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses."  *See Donaldson*, 819 F.2d at 1556 (internal quotation marks and citation omitted).  "The type and amount of sanction imposed calls for proper exercise of a district court's discretion."  *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992).

      The Court finds that sanctions under Rule 11 are inappropriate in this case.  Palm Coast argues that Rule 11 sanctions are warranted due to plaintiff's counsel's continued litigation of the case despite the existence of a settlement agreement for the purpose of driving up fees.  The Court disagrees.  It may be that the plaintiff is not entitled to all of the fees he requests due to the simplicity of the suit and the fact that most of the case was settled during the early period of the case, but that is not at issue in the motion before the Court.  Plaintiff's counsel continued to litigate the case after the parties had a partially-negotiated settlement agreement on July 10, 2009.  These actions alone, without more, do not rise to the level of abusiveness required for the Court to award sanctions against plaintiff's counsel.  Substantive issues remained outstanding after the July 10, 2009 communications between the parties.  Based on the evidence before the Court, the Court finds that the imposition of sanctions pursuant to Rule 11 is not warranted.

      Next, the Court considers Palm Coast's request for sanctions pursuant to 28 U.S.C. § 1927. Section 1927 states that "[a]ny attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorney's fees reasonably incurred because of such conduct." Section 1927 does not define "vexatiously," but the Eleventh Circuit has held that "vexatious" is synonymous with "bad faith." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Bad faith requires more than mere negligence. *Murray v. Playmaker Svcs. LLC*, 548 F. Supp. 2d 1378, 1382 (S.D. Fla. 2008).

The Court finds that sanctions pursuant to § 1927 are also not warranted. While it appears that plaintiff's counsel may have been able to move more quickly to resolve this litigation, the Court finds that plaintiff's counsel's conduct does not rise to the level of bad faith. The evidence shows that Ms. Mitchell did not respond to a series of e-mails, but it appears that her failure was related to a personal tragedy. Mere negligence is not bad faith. It also appears that several substantive issues regarding the settlement agreement remained outstanding during the period between July and October 2009. While the Court expects the parties to litigate cases under the ADA and other federal statutes efficiently, the Court does not expect litigation to grind to a halt each time a defendant indicates its willingness to settle early in the case. Settlements often develop in stages. Settlements sometimes fall apart. However, the Court expects that when a defendant indicates its willingness to settle, the parties will work together to come to a quick and efficient resolution of the case. While the Court finds that bad faith is lacking in this case, the Court is not deaf to defendant's assertions that plaintiff's counsel may have delayed the settlement of this case. In a separate order, the Court will consider the actions of plaintiff's counsel in determining the reasonableness of the fees requested for activities occurring during the period between July and October. However, because evidence of bad faith is lacking and it appears that settlement negotiations were still ongoing during the period between July and October, the Court finds that sanctions under §1927 are inappropriate.

### III.     Conclusion

The Court has carefully considered the motion, the briefs, and the pertinent portions of the record.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the defendant Palm Coast Plaza, Inc.'s motion for sanctions **[DE 39]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 5 day of February, 2010.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

**Copies provided to:**
All counsel of record.